17 F.3d 396
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond SCHUENEMANN, Petitioner-Appellant,
v.
Lloyd HAMES, Commissioner of Corrections, Respondent-Appellee.
 No. 93-35455.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 1, 1994.
Decided Feb. 23, 1994.
 
 Before: WRIGHT, REAVLEY,* and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I. Voluntary Confession
 
 2
 Schuenemann argues that his confession was involuntary due to psychological coercion by Lieutenant Nielson (Nielson), the third officer to interrogate him. If Schuenemann's allegations are true, we must overturn his convictions on the counts to which he conditionally pleaded guilty because his confession was involuntary in violation of his Fourteenth Amendment due process rights. Derrick v. Peterson, 924 F.2d 813, 817 (9th Cir.1991). To determine whether a defendant's confession was voluntary or the result of psychological coercion, we look to all the surrounding circumstances. United States v. Leon Guerrero, 847 F.2d 1363, 1366 (9th Cir.1988).
 
 
 3
 The government must prove by a preponderance of the evidence that Schuenemann's confession was voluntary. Id. at 1365. To have his convictions overturned, Schuenemann must prevail on the issue of whether the police interrogation was coercive and whether his mind was overborne. The district court's determination that Schuenemann's mind was not overborne by the police tactics is not clearly erroneous. See Derrick, 924 F.2d at 823.
 
 
 4
 Schuenemann refers us to the transcript of the last hours of his interrogation when he is speaking with Nielson. Schuenemann argues that Nielson overcame his will by implying that if he confessed the problem would be treated medically, not criminally. However, we must look to all the surrounding circumstances. The first two interrogators with whom Schuenemann spoke made it clear that Schuenemann would face criminal charges. They read him his Miranda warnings.
 
 
 5
 Nielson indicated that he was in charge of the interrogation and that he could let the District Attorney file charges against Schuenemann without giving him the opportunity to tell his side of the story. Twice Nielson told Schuenemann that his conduct was medical rather than criminal. Once Schuenemann responded that his conduct was criminal. Nielson agreed that there was a criminal aspect to it. Nielson also implied that he might be able to arrange out-patient treatment for Schuenemann if he would confess.
 
 
 6
 Nielson's promises did not coerce Schuenemann's confession. Schuenemann is intelligent. He graduated from the University of Houston summa cum laude. He had experience with the criminal justice system and police interrogations. He had spend eight years in prison after confessing to similar charges in Texas.
 
 
 7
 Schuenemann told Nielson to turn off the tape recorder during the interrogation. He also asked Nielson about the possibility of bail. Both of these concerns indicate that Schuenemann knew his actions were criminal. Moreover, Schuenemann told Nielson that he had confessed because he wanted to stop raping women and because he was concerned about his family.
 
 
 8
 The record supports the district court's finding that in the totality of circumstances, Schuenemann's mind was not overborne by Nielson's conduct. Thus, the confession was voluntary and properly admissible against Schuenemann.
 
 II. Miranda Warnings
 
 9
 Schuenemann argues that the officers' statements during his interrogation "undercut the Miranda warnings" and that "[t]he benefit of the Miranda warnings was utterly subverted by" Nielson's interrogation tactics.
 
 
 10
 The standard of review for the voluntariness of a confession and for a waiver of Miranda rights is identical. Collazo v. Estelle, 940 F.2d 411, 415 (9th Cir.1991) (en banc) ("The standard of review does not change when the inquiry shifts from the voluntariness of the confession to the voluntariness of an asserted Miranda waiver"). We hold that Nielson's promises did not negate Schuenemann's Miranda rights.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Honorable Thomas M. Reavley, Senior United States Circuit Judge, Fifth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3